UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD M. WILKINSON, | No. 2:17-cv-1364 KJM KJN P |
| Petitioner, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| JOE LIZARRAGA, et al., | |
| Respondents. | |

I. <u>Introduction</u>

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the petition filed June 28, 2017.[1] (ECF No. 1 at 15.)

In October 1996, petitioner was convicted of felony unlawful possession of valium (Cal. Health & Saf. Code § 11350(a)) in case No. CP96F00171, and granted drug diversion. (Respondent's Lodged Document 4 at 2.) In June 1997, petitioner was convicted of rape of an unconscious victim (Cal. Penal Code § 261(a)(4)) in case No. CP97F00111. (<u>Id.</u>) Sentencing petitioner in both cases, the trial court imposed a six year term in state prison. (<u>Id.</u>)

---

[1] The petition does not contain a proof of service in order for the court to determine the date it was filed pursuant to the mailbox rule. However, the undersigned deems the petition filed on the date it was signed by petitioner.

1

Petitioner raises two claims. In claim one, petitioner argues that the state courts wrongly denied his request to reduce his conviction for felony unlawful possession of valium to a misdemeanor pursuant to Proposition 47, i.e., California Penal Code § 1170.18(f). (ECF No. 1 at 5.) In claim two, petitioner argues that the trial court failed to advise him of his "lifelong obligation" before accepting his plea for rape of an unconscious victim. (Id. at 7.) Although not entirely clear, it appears that petitioner is claiming that he was not advised of the requirement that he register as a sex offender at the time he entered his plea.

Pending before the court is respondent's motion to dismiss. (ECF No. 10.) Respondent argues that the petition should be dismissed as barred by the statute of limitations. Respondent also moves to dismiss claim one for failing to raise a cognizable federal claim. For the reasons stated herein, respondent's motion to dismiss should be granted.

II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

////

As discussed herein, the statute of limitations for petitioner's claims are governed by different sections of § 2244(d)(1).

A. Claim Two

In claim two, petitioner alleges that the trial court did not properly advise him of his "lifelong obligation" at the time of his plea. The statute of limitations for this claim runs from the date petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). As discussed above, petitioner was convicted in 1997. According to the petition, petitioner did not appeal his conviction. (ECF No. 1 at 2-3.) Therefore, claim one, raised in the instant petition filed approximately twenty years after petitioner's conviction, is barred by the statute of limitations unless petitioner is entitled to statutory or equitable tolling.

*Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim is pending, shall not count toward any period of limitation. A state court habeas post-conviction process commenced beyond the expiration of the statute of limitations does not toll or revive the limitations period under section 2244(d)(1). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

According to petitioner, and respondent, petitioner's first post-conviction petition challenging his 1996 and 1997 convictions was filed in the El Dorado County Superior Court on May 24, 2016. (Respondent's Lodged Document 2.) In this petition, petitioner requested that his felony drug possession conviction be reduced to a misdemeanor. (Respondent's Lodged Document 2.) This petition does not toll the statute of limitations because it was filed long after the statute of limitations expired.

*Equitable Tolling*

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010). The diligence required for equitable tolling purposes is "reasonable

3

diligence," not "maximum feasible diligence." See Holland v. Florida, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner makes no argument for equitable tolling with respect to claim two. Accordingly, this claim is barred by the statute of limitations.[2]

B. Claim One

In claim one, petitioner claims he is entitled to be resentenced under Proposition 47 and that the state court's denial of this claim was incorrect. Proposition 47, passed by California voters on November 4, 2014, became effective November 5, 2014. Cal. Penal Code § 1170.18 (West 2014). It provides, in part, as follows:

> (a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

Cal. Penal Code § 1170.18.

The statute of limitations for petitioner's Proposition 47 claim began to run on the effective date of the legislation, November 5, 2014. See 28 U.S.C. § 2244 (d)(1)(D) (stating the limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence). Petitioner had until November 6, 2015, to file a timely federal habeas corpus petition. The instant petition, filed June 28, 2017, is not timely, unless petitioner is entitled to statutory or equitable tolling.

---

[2] It does not appear that claim two has been presented to the California Supreme Court. Thus, claim two is also not exhausted.

4

*Statutory and Equitable Tolling*

As discussed above, petitioner filed his first state petition based on Proposition 47 on May 24, 2016. Because petitioner filed this petition after the statute of limitations expired, he is not entitled to statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner makes no argument for equitable tolling. Accordingly, for the reasons discussed above, claim one is barred by the statute of limitations.

III. Conclusion

Respondent also moves to dismiss claim one on grounds that it fails to raise a federal claim. Because this claim is barred by the statute of limitations, the undersigned need not reach this issue.

Petitioner has also requested appointment of counsel. (ECF No. 11.) Because the claims are barred by the statute of limitations, appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 11) is denied;

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted on grounds that the claims are barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2018

                                                   KENDALL J. NEWMAN
                                                   UNITED STATES MAGISTRATE JUDGE

Wilk1364.157